UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDREW WETZEL | CIVIL ACTION |
| VERSUS | NO. 25-1197 |
| E. DUSTIN BICKHAM, ET AL. | SECTION "A" (2) |

## REPORT AND RECOMMENDATION

Petitioner, Andrew Wetzel, is a state prisoner incarcerated at Dixon Correctional Institute in Jackson, Louisiana.[1]  He filed a 28 U.S.C. § 2254 habeas corpus petition, which was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. The petition is accompanied by a motion for leave to proceed *in forma pauperis*.[2]

Wetzel presented the instant federal habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his conviction for simple burglary in St. Tammany Case No. 1077-F-2021.[3]  Wetzel claims that his prior conviction in that state criminal case was overturned on June 27, 2022, and, on that date, he was resentenced after a plea of guilty, which is the conviction he now challenges.[4] Broadly construing his complaint, Wetzel claims that a 2024 change in Louisiana law surrounding parole eligibility is being applied retroactively to make him no longer eligible for parole.[5]

Wetzel, however, is a prolific filer who has been repeatedly sanctioned for his abuse of the writ.  In 2015, Wetzel was sanctioned $200 by the United States Fifth Circuit Court of Appeals

---

[1] ECF No. 1 at 1.
[2] ECF No. 2.
[3] ECF No. 1 at 1.
[4] *Id*.
[5] ECF No. 1, ¶12, at 5.

for his failure to heed court instructions and based on his "history of frivolous, repetitive, and abusive filings."[6] The court further instructed:

> Wetzel is BARRED from filing any pleading in this court or in any court subject to this court's jurisdiction challenging any conviction or sentence until all sanctions have been paid in full, unless he first obtains leave of court in which he seeks to file such a challenge.[7]

In 2017, the Fifth Circuit repeated its censure with specific reference to Wetzel's arson conviction and noted that Wetzel had by that time been sanctioned $800 for his "frivolous, repetitive, and abusive" habeas filings.[8] As a result of these and similar orders, Wetzel repeatedly has been denied leave to file habeas challenges to his various convictions for his failure to pay the outstanding sanctions and/or prove entitlement to file a habeas petitions without payment of the sanctions.[9]

The United States Fifth Circuit's orders are clear that Wetzel's sanctions and restricted filing eligibility apply to challenges to "*any* conviction or sentence."[10] According to the Fifth Circuit's records, Wetzel has a total of $1,000 in sanctions unpaid and outstanding in the following Fifth Circuit cases, each carrying with it a restatement of the bar to his filing of future habeas challenges:

(1)    *Wetzel v. Tanner*, App. No. 13-31061, at 2 (5th Cir. Aug. 4, 2014) ($500);

---

[6] *Wetzel v. Goodwin*, App. No. 14-30370, at 3 (5th Cir. Apr. 8, 2015) (unpub.) (referencing prior sanctions and restrictive filing instructions in *Wetzel v. Tanner*, App. No. 13-31061 (5th Cir. Aug. 4. 2014) (unpub.)).

[7] *Id*. at 2 (emphasis added); *see also Wetzel v. Tanner*, App. No. 13-31061 (5th Cir. Aug. 4, 2014) (unpub.) (addressing prior sanctions and habeas filing restrictions not heeded by Wetzel).

[8] *In re Wetzel*, App. No. 17-90015, at 2 (5th Cir. Aug. 10, 2017) (unpub.).

[9] *See*, *e.g.*, *In re Wetzel*, App. No. 17-90013, at 2 (5th Cir. Aug. 15, 2017) (leave for sanctioned litigant to file denied for failure to raise a nonfrivolous issue); *Wetzel v. Goodwin*, No. 17-5676"N"(1), ECF No. 6 (E.D. La. Dec. 15, 2017) (order denying motion for leave to file and closing case); *see also*, *In re Wetzel*, No. 17-3617"N"(1), ECF No. 7 (E.D. La. Dec. 15, 2017) (same); *In re Wetzel*, No 17-3581"N"(1), ECF No. 4 (E.D. La. Dec. 15, 2017) (same); *In re Wetzel*, No. 17-3570"N"(1), ECF No. 4 (E.D. La. Dec. 15, 2017) (same); *Wetzel v. Goodwin*, No. 17-CV-3559"N"(1), ECF No. 4 (E.D. La. Dec. 15, 2017) (same); *Wetzel v. LeBlanc*, No. 23-1554"A"(2), ECF No. 7 (E.D. La. June 16, 2023) (same); *Wetzel v. LeBlanc*, No. 23-2453"A"(2), ECF No. 5 (E.D. La. Aug. 7, 2023) (same).

[10] (emphasis added) *Wetzel v. Goodwin*, App. No. 14-30370, at 3 (5th Cir. Apr. 8, 2015) (unpub.); *see also*, *In re Wetzel*, App. No. 17-90013, at 3 (5th Cir. Aug. 15, 2017) ("[H]e is barred from filing any pleadings challenging any of his convictions and sentences. . .").

(2)    *Wetzel v. Goodwin*, App. No. 14-30370, at 3 (5th Cir. Apr. 8, 2015) ($200);
(3)    *In re Wetzel*, App. No. 17-90014, at 2 (5th Cir. Aug. 10, 2017) ($100);
(4)    *In re Wetzel*, App. No. 17-90015, at 2 (5th Cir. Aug. 10, 2017) ($100);
(5)    *In re Wetzel*, App. No. 17-90013, at 3 (5th Cir. Aug. 15, 2017) ($100).

On June 23, 2025, I issued an order directing Wetzel to file proof that all sanctions have been paid in full or a motion for leave to file the instant petition, providing reasons why he should be allowed to do so, by July 23, 2025.[11] Wetzel was advised that failure to comply with the order would result in a recommendation that the instant petition be stricken.[12] As of the date of this recommendation, Wetzel failed to establish that he paid the sanctions, and the circuit court's records reflect no payment. Wetzel also failed to file a motion for leave to file providing a reason for the court to grant leave to file this petition without payment of those fines. Based on court records, Wetzel also has neither sought nor received forgiveness of these sanctions from the United States Fifth Circuit before attempting to file here.

## RECOMMENDATION

It is therefore **RECOMMENDED** that Andrew Wetzel's 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his conviction in St. Tammany Case No. 1077-F-2021 be **STRICKEN** from the record and this matter be **CLOSED** by the Clerk of Court.

It is **FURTHER RECOMMENDED** that Wetzel's Motion for Leave to Proceed *in forma pauperis* (ECF No. 2) be **DENIED** as **MOOT**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

---

[11] ECF No. 3.
[12] *Id.* at 2.

3

the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[13]

        New Orleans, Louisiana, this __5th__ day of August, 2025.

_____<br>
DONNA PHILLIPS CURRAULT<br>
UNITED STATES MAGISTRATE JUDGE

---

[13] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).